25-cv-13461

7

First Amended Complaint for Violation of the American with disabilities Act (ADA)

# ~~Complaint for Violation of the Americans with Disabilities Act (ADA)~~

**United States District Court Eastern District of Michigan**

**Sylvia Tinnon**, Plaintiff v. **Regency Heights Nursing Home**, Defendant

**Case No.:** (To be assigned) **COMPLAINT FOR WRONGFUL TERMINATION UNDER THE AMERICANS WITH DISABILITIES ACT JURY TRIAL DEMANDED**

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.).
2. Venue is proper in this district under 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred in the Eastern District of Michigan.

## II. PARTIES

3. Plaintiff, Sylvia Tinnon, is a resident of Michigan and was employed by Defendant in Detroit ~~Livonia,~~ Michigan, from 2017 until her termination on May 16, 2023.
4. Defendant, Regency Heights Nursing Home, is a healthcare facility operating in Michigan and employs more than 15 individuals.

FILED
MAY 05 2026
CLERK'S OFFICE
DETROIT

## III. FACTUAL ALLEGATIONS

5. Plaintiff began working for Defendant in 2017 as a Charge Nurse.
6. Plaintiff has a disability as defined by the ADA, specifically bilateral knee arthritis, which substantially limits her ability to walk, stand, and perform other major life activities.
7. Plaintiff was fully qualified to perform the essential functions of her position, with or without reasonable accommodation.
8. In January 2023, Plaintiff disclosed her disability to Defendant and formally requested reasonable accommodation.
9. Defendant failed to engage in the interactive process and did not provide the requested accommodation.
10. On May 16, 2023, Plaintiff was terminated from her position. The stated reason was [Defendant alleges that Sylvia threatened a co-worker], but Plaintiff believes the true reason was discriminatory and based on her disability.
11. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and received a Notice of Right to Sue on [received August 3rd, 2025 / post marked July 29, 2025].

## IV. CLAIM FOR RELIEF

### Count I – Violation of the Americans with Disabilities Act

12. Plaintiff incorporates by reference paragraphs 1 through 11 as if fully set forth herein.
13. Defendant's actions constitute unlawful discrimination in violation of 42 U.S.C. § 12112(a) by terminating Plaintiff because of her disability.
14. As a direct result of Defendant's conduct, Plaintiff has suffered lost wages, emotional distress, and other damages.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

- A. Award compensatory damages for lost wages, benefits, and emotional distress
- B. Award punitive damages for willful and malicious conduct
- C. Order injunctive relief as appropriate
- D. Award reasonable attorney's fees and costs (if applicable)
- E. Grant such other relief as the Court deems just and proper

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,** Sylvia Tinnon 18476 Lindsay Detroit, MI 48235 Phone: (313) 332-7032 Email: tinnonsylvia@gmail.com **Date:** [10/29/2025] **Signature:** Sylvia Tinnon

04/04/2025 Sylvia Tinnon

**Sylvia Tinnon** 18476 Lindsay Detroit, MI 48235 (313) 332-7032 tinnonsylvia@gmail.com

**10/29/2025**

Clerk of the Court United States District Court Eastern District of Michigan Theodore Levin U.S. Courthouse 231 W. Lafayette Blvd. Detroit, MI 48226

**Re: Sylvia Tinnon v. Regency Heights Nursing Home Complaint for Violation of the Americans with Disabilities Act**

Dear Clerk of the Court,

Please find enclosed for filing a civil complaint on behalf of Plaintiff Sylvia Tinnon against Defendant Regency Heights Nursing Home for wrongful termination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.

Plaintiff is proceeding pro se and respectfully requests that the Court accept this complaint for filing. A completed Civil Cover Sheet and a copy of the EEOC Notice of Right to Sue are also included, if required.

Plaintiff requests a jury trial on all issues so triable and seeks all appropriate relief as outlined in the complaint.

Thank you for your attention to this matter.

Sincerely, *Sylvia Tinnon*

From Sylvia Tinnon

To: Damon Holmes

Subj: Civil Rights Complaint Regency Height's

Case number: 635119

Date: (02/27/2025)

I, Sylvia Tinnon, was scheduled to work a double shift consisting of two (2) consecutive eight (8) hour shifts. On April 1, 2023, I reported to duty and worked my shift on the 3rd floor of the east hall. The nurse for the other side/wing of the 3rd floor didn't report to work or come in. The supervisor (Latham Vincent) informed me that the D.O.N. (Director of Nursing) (Kimberly Chandler) called her into work. She worked the shift that she was scheduled for, but she left the unit and never showed up. I started to get concerned because a few hours had passed, and the Nurse (Robinson) was not on the floor as scheduled. I then informed the supervisor (Latham Vincent) around 3 a.m. The D.O.N. called me via telephone, and I informed her that the nurse had left, and she failed to report to me or count her cart. The D.O.N. and Administrator then told me that I was going to have to work the entire floor/wing. I responded that I could not work on both floors/ wings of the 3rd Floor. The D.O.N. (Kimberly Chandler) directly said she could fire me if I refused to work both floors. I told her I was physically unable to because I had pain in my feet, which I take medication for. I also felt I was reaching sleep deprivation and was unable to do so because I was already working on a sixteen (16) hours double shift, for which the D.O.N. (Kimberly Chandler) showed absolutely no concern or remorse and continued with her verbal threats to fire me if I refused. This startled me because I had already told them that physically my ability to continue would cause my pain and inability to continue. The D.O.N. Continued this berated conversation in which I strongly knew this would also be putting the patients' health and welfare at risk. I responded that I came to work on my (1) unit, not to work a second unit as well (2). I reiterated throughout our conversation with the D.O.N. (Kimberly Chandler) and the shift supervisor (Latham Vincent) that I was unable to stay due to my condition, feeling pain in my feet and knees. I explained my handicapped knee to her and that I also needed to take my medications, and she was unmoved. After a few hours had passed, the D.O.N. (Kimberly Chandler) returned at 6:40 a.m., told me to clock out, and suspended me. I filed a complaint on April 14th, 2023, with corporate and never received a response. The D.O.N. and administrator (Kimberly Chandler and Christinia Styles) met with me also on April 14th 2023 and didn't accept or want to hear about my disability conditions or my handicaps and started talking about taking my overtime away, which I now believe this was retaliatory because I stated I could not work anymore additional hours, the D.O.N (Kimberly Chandler) specifically stated multiple times in front of myself and the administrator (Christinia Styles) that she would also be reducing my days since I have a disability, Which I thought was very wrong and hurtful since we all were in the business of helping those who have certain conditions that needed assistance but I was being told what I have didn't matter and I should get a job somewhere else.

## Wrongful Discharge Scenario.

On May 15, 2023, I was informed by (Eleanor.) that another employee had filed a complaint against me. I then received a call from the scheduler (May 15, 2023) informing me not to come in due to my suspension. When I asked for an explanation, Eleanor could not explain and give me any reasons for this abrupt and surprising decision. The D.O.N. (Kimberly Chandler) called around May 16th 2023 around 9am to inform me that a current employee who had three witnesses reported an occurrence/ altercation that took place more than a month prior to my incident, that I'd threatened him. When I asked who, she was vague in saying it was three CENA's. At no time during our conversation did the D.O.N. ask for a statement or what happened as related to the other employee's complaint against me. I then asked her (Kimberly Chandler) if she wanted me to make a statement or respond to any allegations. She informed me of the complaint, and I began to explain what happened related to this incident that took place a few months prior from my viewpoint. She (D.O.N. Kimberly Chandler) blatantly responded, "Well, he came to me first." She asked me to come in the following day, May 16, 2023. Around 11am. When I arrived, she called a nurse (Laren Walker) to witness the meeting. We discussed the incident, and I received a final warning for not accepting a second assignment on April 2, 2023. In addition, she terminated me because she (D.O.N. Kimberly Chandler) accused me of creating a hostile work environment, citing the incident from the employee complaint as the primary reason for her decision. I believe this was in retaliation for bringing up my disability. The D.O.N. advised me to write a statement, while she reported to HR. After a brief conversation with another nurse (Laren Walker), I concluded there was no need to stay after being fired.
Note that there was no three-day investigation, which is a standard procedure in such cases. The incident mentioned did not align with the complaint's dates. The termination was retaliation for the incident that occurred on April 2, 2023. This additional discharge/termination and accusation scenario highlighted the persistent issues within the administration at Regency Height's Nursing home for their lack of support and concerns for my disabilities, in which I continued to provide the utmost care for the health and welfare of the patients that I was entrusted with.

Sylvia Tinnon

Respectfully Submitted

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Detroit Field Office**
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, MI 48226
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Sylvia Tinnon
18476 Lindsay
Detroit, MI 48235

**Re:** Sylvia Tinnon v. Regency Heights Nursing and Rehabilitaion Center
EEOC Charge Number: 23A-2023-00707

EEOC Representative and Phone: Yvonne Allen, State, Local & Tribal Coordinator
Office: 313-774-0030

---

### DETERMINATION OF CHARGE

The EEOC issues the determination that substantial weight has been accorded to the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Ramiro Gutierrez 7/28/2025
Ramiro Gutierrez
Field Office Director

cc: Ryan Bohannon
Attorney
280 N. Old Woodward
Birmingham, MI 48009

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.